23 F.3d 409
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 James WHITE, Plaintiff-Appellant,
v.
William BRISCOE, et al., Defendants-Appellees.
 No. 93-6153.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1994.
 
 Before: MERRITT, Chief Judge; MILBURN and SILER, Circuit Judges.
 
 ORDER
 
 1
 James White, a pro se Kentucky prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983 and miscellaneous state law authority. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, White sued various state prison officials in both their individual and official capacities, alleging that they violated his equal protection and due process rights when they found him guilty of a rule violation without sufficient evidence.
 
 
 3
 After reviewing the parties' cross-motions for summary judgment, the district court granted summary judgment in favor of the defendants. White has filed a timely appeal.
 
 
 4
 Upon review we conclude that the district court properly granted summary judgment to the defendants because there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). White received all the process due him. See Yashon v. Hunt, 825 F.2d 1016, 1022 (6th Cir.1987), cert. denied, 486 U.S. 1032 (1988). Further, the defendants established that there was "some evidence" justifying the adjustment committee's finding of guilt. See Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 456 (1985). White simply failed to present significant probative evidence to establish that defendants' drug testing program violated his due process rights. See Higgs v. Bland, 888 F.2d 443, 448-49 (6th Cir.1989).
 
 
 5
 Finally, White failed to state an equal protection claim, see Henry v. Metropolitan Sewer Dist., 922 F.2d 332, 341 (6th Cir.1990), and his state law claims were properly dismissed given the unsubstantial nature of his federal claims. See Smith v. Dearborn Fin. Servs., Inc., 982 F.2d 976, 983 (6th Cir.1993).
 
 
 6
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.